## ALUMINUM CO. OF AMERICA v. UNITED STATES.

### No. 7846.

District Court, W. D. Pennsylvania.
Nov. 25, 1940.

Smith, Buchanan, Scott & Gordon, of Pittsburgh, Pa., for plaintiff.

George Mashank, Acting U. S. Atty., and Elliott W. Finkel, Asst. U. S. Atty., both of Pittsburgh, Pa., for defendant.

McVICAR, District Judge.

The Aluminum Company of America, plaintiff, is a corporation of the Commonwealth of Pennsylvania. The Aluminum Company of Canada, Limited, is a Canadian corporation, all of the voting stock of which was owned by plaintiff in the year 1927. In that year, the plaintiff received from the

Aluminum Company of Canada, Limited, a dividend in the amount of $1,000,000. In that year, the total profits of the Aluminum Company of Canada, Limited, was $2,897,-101.63, upon which it paid income, war profits, or excess profits taxes to the Dominion of Canada, or provinces thereof, amounting to $214,168.13.

The Commissioner of Internal Revenue, in computing the amount of the income, war profits and excess profits taxes paid by the Aluminum Company of Canada, Limited, which should, under Section 238(e) of the Revenue Act of 1926, 26 U.S.C.A. Int.Rev. Acts, page 189, be deemed to have been paid by the plaintiff with respect to said dividend, determined the foreign tax credit allowable, "by dividing the total profits as above stated into the total dividend received from the Canadian subsidiary and applying the resulting ratio to total tax paid, thus finding $74,387.14 as the allowable credit. Plaintiff contends that the credit must be found by dividing the accumulated profits (total profits, less tax paid thereon, as shown, supra) into dividend received, and applying the resulting ratio to the total tax paid, thus finding $80,365.09 as the allowable credit. If the plaintiff is correct and the foreign tax credit should be $80,365.09 instead of $74,387.14, as determined by the Commissioner, the difference, $5,977.95, with interest according to law, is an overpayment of tax for the year."

The defendant in its brief states that "the formula used by the Commissioner in this case, which on its face appears to be an inaccurate application of the statute, in reality is not so." Further, that "by taking the ratio of dividends to total profits as the only operation, and applying it to total tax, the same result is reached as if the ratio of dividend to accumulated profits is applied to the portion of total tax borne by such accumulated profits."

Section 238(e) of the Revenue Act of 1926, provides: "(e) For the purposes of this section a domestic corporation which owns a majority of the voting stock of a foreign corporation from which it receives dividends * * * in any taxable year shall be deemed to have paid the same proportion of any income, war-profits, or excess-profits taxes paid by such foreign corporation to any foreign country or to any possession of the United States, upon or with respect to the accumulated profits of such foreign corporation from which such dividends were paid, which the amount of such dividends bears to the amount of such accumulated profits: Provided, That the credit allowed to any domestic corporation under this subdivision shall in no case exceed the same proportion of the taxes against which it is credited, which the amount of such dividends bears to the amount of the entire net income of the domestic corporation in which such dividends are included. The term 'accumulated profits' when used in this subdivision in reference to a foreign corporation, means the amount of its gains, profits, or income in excess of the income, war-profits, and excess-profits taxes imposed upon or with respect to such profits or income."

The language of the statute, in our opinion, supports plaintiff's contention and formula. The statute defines "accumulated profits" of a foreign corporation as "the amount of its gains, profits, or income in excess of the income, war-profits, and excess-profits taxes imposed upon or with respect to such profits or income." The domestic corporation is deemed to have paid the same proportion of the foreign taxes paid by the foreign corporation upon or with respect to the accumulated profits from which its dividends were paid which the amount of such dividends bear to the amount of such accumulated profits.

The contention of the plaintiff is supported by the cases: F. W. Woolworth Co. v. United States, 2 Cir., 91 F.2d 973; International Milling Company v. United States, Ct. Cl., 27 F.Supp. 592.

In the Court of Claims case, in an opinion written by Judge Green, it is held that the same contention as that of plaintiff in this case is supported by the language of the act involved, by its legislative history and by the regulations and practice of the Bureau of Internal Revenue. We agree with the opinion and reasoning of Judge Green. It is not necessary to repeat here what is stated therein.

Let an order for judgment be prepared and submitted in accordance with the foregoing findings of fact, conclusions of law and this opinion.